Weygandt, C. J.,
dissenting. The majority takes the view that the federal' Supreme Court has held the Ohio film -censorship statutes unconstitutional.
If this is correct, then the question of constitutionality'has been finally determined and is not before this court for further consideration. And yet the majority opinion attempts to reconsider and redecide that question.
Then the majority opinion proceeds to hold the censorship orders of the Department of Education unrea *269 sonable and unlawful. If the statutes are unconstitutional, the Department of Education clearly is without authority to make any sort of order—reasonable or unreasonable—and there is no censorship law in existence in Ohio.
The basic difference of opinion among the members of this court is whether the federal Supreme Court has in fact held the Ohio statutes unconstitutional. The conclusion of the majority seems to be that this has been done inferentially. It is the view of the minority that if, at a time when delinquency—both juvenile and adult—is a problem of unprecedented concern, the federal Supreme Court intends to hold that every film no matter how obscene, profane, inflammatory or subversive can be shown, this is too serious a matter to be left to mere inference alone.